NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000615
18-JAN-2012
10:04 AM**

NO. CAAP-11-0000615


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DONNA RAE STRATMAN, Plaintiff-Appellee v.
HELEN C. HICKMAN, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-397)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that this court does not have jurisdiction over Defendant-Appellant Helen C. Hickman's (Appellant) appeal from the following three orders (the three appealed orders) that the Honorable Glenn S. Hara entered:

(1)  the April 25, 2011 "Findings of Fact and Conclusions of Law and Order";

(2)  the July 8, 2011 "Order Granting, in Part, Commissioner's Motion for Writ of Possession or, in the Alternative, for Leave to Sell without Showings Filed May 23, 2011"; and

(3)    the July 8, 2011 "Order Granting in Part
       Plaintiff Donna Rae Stratman's Motion to Modify
       April 25, 2011 Findings of Fact, Conclusion[s]
       of Law and Order Filed May 26, 2011[.]"

As explained below, the three appealed orders are not eligible for appellate review at this time, because the circuit court has not yet entered an appealable final judgment on all claims pursuant to Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP). Furthermore, Appellant's appeal is untimely pursuant to Rule 4(a)(1) of the Hawaiʻi Rules of Appellate Procedure (HRAP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawaiʻi holds that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). The record on appeal for Appeal No. CAAP-11-0000615 was filed on October 2, 2011, and the circuit court has not yet entered a separate judgment in this case. Absent a separate judgment that resolves all claims against all parties pursuant to HRCP Rule 58, the three appealed orders are not

eligible for appellate review.

Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848), the collateral order doctrine, and HRS § 641-1(b), the three appealed orders do not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995). Furthermore, the Supreme Court of Hawai'i has specifically held that an order appointing a commissioner and directing an appraisal and sale in a partition action is an interlocutory order that is not independently appealable. Cooke Trust Co., Ltd. v. Ho, 43 Haw. 243 (1959). Therefore, the three appealed orders are not appealable orders. Absent an appealable separate judgment, Appellant's appeal is premature, and we lack appellate jurisdiction over Appeal No. CAAP-11-0000615.

Accordingly, IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000615 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 18, 2012.

Presiding Judge

Associate Judge

Associate Judge

-3-